**MITCHELL et ux. v. GREGORY et al.**
**(No. 1870.)**

(Court of Civil Appeals of Texas. El Paso. March 18, 1926. Rehearing Denied April 15, 1926.)

1. *Injunction* &⟜186(1)—Where partition sale temporarily enjoined, statute as to damages on dissolution held inapplicable (Rev. St. 1911, art. 4667).

Rev. St. 1911, art. 4667, providing for damages on dissolution of injunction obtained for delay "where collection of money was enjoined," has no application to temporary injunction restraining partition sale.

2. *Judgment* &⟜386(2)—It was proper for court at any time during term to set aside erroneous judgment rendered at same term, though motion was 18 days after entry.

Erroneous judgment assessing damages on dissolution of temporary injunction was prop-

erly set aside by court and proper judgment entered upon its attention being called thereto before term ended, though motion was not filed until 18 days after entry of judgment.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Suit by J. R. Mitchell and wife against Mrs. Bessie Gregory and others, in which plaintiffs filed motion for damages for delay caused by temporary injunction. Judgment for defendant named and another, and plaintiffs appeal. Affirmed.

Brooks, Smith & Robinson, of Anson, for appellants.

Murchison & Davis, of Haskell, for appellees.

HIGGINS, J. J. R. Mitchell and wife filed suit in the district court of Haskell county against Mrs. Gregory and others for partition of land. Judgment of partition was rendered establishing the respective interests of the parties. The land was adjudged to be incapable of partition and ordered sold. An order of sale was issued and the land advertised for sale, whereupon Mrs. Gregory and husband sought to enjoin the sale upon grounds not necessary to be stated. A temporary injunction was issued as prayed for, which, upon motion, was dissolved. Thereupon the sale was made. Mitchell and his wife's share of the proceeds of the sale amounted to $5,422.-59. The Mitchells filed a motion setting up that the injunction had been obtained for delay and asked judgment against Mrs. Gregory and husband and the sureties upon her injunction bond for 10 per cent. damages upon said sum of $5,422.59, under article 4667, R. S. 1911. At the spring term, 1925, the Mitchells obtained judgment as prayed for. About 18 days later, and at the same term, the defendants in this judgment filed a motion to set it aside, setting up that article 4667 had no application. Upon the last day of the term, said judgment in Mitchell's favor was set aside and judgment then rendered that they take nothing by their said motion. From this latter judgment the Mitchells appeal.

[1] The trial court found that Mrs. Gregory and husband obtained the injunction for delay, but held that article 4667 had no application. This article applies in cases "where the collection of money has been enjoined." The sale enjoined was not for the collection of money, and we concur in the view of the trial court that the article invoked and solely relied upon by appellants has no application in this case.

[2] The fact that the retrial was granted upon a motion filed 18 days after the judgment obtained by appellants is unimportant. The term had not ended, and, upon the court's attention being called to the erroneous application which it had made of article

4667, it became its duty and it had the power to correct such error. It is at all times during the term competent and proper for the court to set aside an erroneous judgment theretofore rendered at such term.

Affirmed.